DISH and Sirius 2019-12-83 and 84. We're going to hear Mr. Lin for nine minutes and Mr. Fagdasarian for one. Is that accurate? That's the current one, Your Honor. Yes. All right. May it please the Court. I'll start with the threshold issue of the prevailing party status of the parties. Prevailing party status is a substantive question, not a procedural one. And Dragon and Sirius, on the merits, on the substance, have prevailed and rebuffed Dragon before three tribunals. So we are the prevailing parties. After briefing was complete in this case, this Court heard oral arguments and issued a decision in the BE Technologies versus Facebook case. We filed the notice of supplemental authority. And we think that the reasoning in BE Technology is applicable here, should be applied here, to find that we are the prevailing parties. So just like in BE Technology, just like Facebook did there, the parties here, DISH and Sirius, filed IPRs. We went to the PTAB and we succeeded. And that success at the PTAB resolved the case for mootness below. And you're not trying to argue that the other eight defendants who may not have filed any IPRs, in fact, weren't involved in the successful IPRs, would be deemed prevailing parties under that same logic, are you? I am not currently arguing that, no. Right, you're only arguing that the party that took the time, effort, and money to successfully challenge the patent through the IPR and who happens to simultaneously be sued should be deemed the prevailing party because they did in the IPR what they would have or could have or might have had to do in the district court litigation. Correct, we've rebuffed their attempt. Yeah, but it's important to me because I wouldn't want BE Technology to be read for the proposition that if a patent happens to be invalidated by somebody else in a different district court litigation or in an IPR or something, not the defendant in this litigation. I wouldn't want it to be read for the proposition that that means that the defendant in this litigation who may have done nothing at all is necessarily the prevailing party for that reason. I think that's our position on it. Somebody might argue differently later, but yes, that's correct. Your Honors, so the court below didn't have BE Technology, obviously, because it just came out. But under this current state of the law, under BE Technology, we think that the decision can't stand. The court below agreed that we'd achieved a victory, but the court said that the PTAB had awarded the victory and success in a different form is not a basis for an award of attorney's fees. Ultimately, the district court held that Dish and Sirius were not prevailing parties because the district court had not, quote, awarded actual relief on the merits. That was wrong. Actual relief on the merits isn't required, and it's not required that it comes from the district court. I don't see any daylight between this case and BE Tech. You started by saying the reasoning there should apply. I mean, aren't we bound? It's precedent. Are we bound to follow it? Is there any distinction that you're aware of? I mean, they're going to get up and argue. So if there is, they're going to say it. So tell me what it is now and respond to it. I think the distinction that they have raised on all issues in the briefing is that we've won multiple times, and I think the distinction that they're going to make is that, oh, well, the case below, there was a vacature of the non-infringement decision below, and that, therefore, for some reason, we don't have a judicial imprimatur from the district court. I see. So in BE Tech, there hadn't been a vacatur of the underlying... Because the case was just stayed, right? So, I mean, in some senses, it's sort of evidence of how the complications of this case... You won twice, and now you're going to get penalized because they took one of the victories away by vacating it. Right. Well, I mean, I would say we won three times because we also have the judicial imprimatur of this court. I mean, because our IPR is the one that resolved all of the cases. Can I, with my colleague's indulgence, can I move you over to this other issue, though? Because the one thing, see, I mean, you can tell I probably agree with you on everything, but except on the things we've discussed so far. However, when you start asking for a quantum of attorney's fees related to whatever it is you may have or may not have spent in the IPR proceeding, that's when I start getting a little uncomfortable with your position because I don't understand. IPR provisions are not fee shifting. There is nothing in the IPR statute that allows for the collection of attorney's fees. I will say, I think that for frivolous cases, you could go to the PTAB and you could seek attorney's fees. But what we're saying... Well, that's the point. How? Go to the PTAB. We are not doing that here. I'm just saying, you know, as a point of reference, there's a way to do it. You're arguing that you should be able to get the PTAB... There's the equivalent of a rule of left. You're arguing that you should be able to get the attorney fees from the PTAB proceedings in the district court. That is what I am arguing right now. How can you argue that? We're arguing that because administrative proceedings that occur parallel with a litigation, if they are useful and necessary to the litigation, if they're replacing things that would have taken in the litigation, those things are recoverable. And we cited to the PPG case in which this court overturned a district court that had denied fees for reissue proceedings. So they got the defendant had to participate in reissue proceedings before the BPAI and the district court said that those fees had to be recoverable. Does the AIA include any provisions that allow for fee shifting in IPRs? I mean, to the extent that it is a singular patent act, I mean, that would be the connection between 285 and the act itself. My question is, in an IPR, does the setting aside the district litigation here, is there anything in the AIA that allows a party to recover its attorney fees for participating successfully for prevailing in an IPR? There's not a prevailing party fee shifting arrangement in the PTAB. But wouldn't your, what the argument you're arguing for now, to be able to recover fees in an IPR if you're successful, but only if you have a parallel district court proceeding because you would have to acquiesce that if you only had an IPR, you've got no chance of getting fees. There would be no district court for me to seek the fees related to it. So wouldn't the rule of law you're asking us for completely contradict the entire IPR scheme because the IPR scheme was meant to reduce litigation. And if I was a defendant and I filed an IPR, do you know what else I'd also file the same day in every single instance? A declaratory judgment action. And then I'd ask the district court to stay it while the IPR was ongoing. And then I'd go back to the district court and say, aha, now I want my fees because I'm the prevailing party. And that federal circuit said if I have a district court proceeding in a parallel IPR and I succeed in the IPR, I'm the prevailing party. And you might say, well, the district court could exercise its discretion since you were the filer not to give it to you. But it doesn't seem like the right rule of law. That seems like we would be encouraging you to file a bunch of unnecessary district court litigations to try to recover fees. I would actually take the opposite viewpoint. If we don't allow parties to recover fees that they had to use to go to the PTAB, if I have a really bad case, right? And at the very beginning, I know I can file an IPR and I can get rid of the case. But I know that, yeah, I probably would win at the district court. If I know that I'm going to have to spend the, what, $750,000 to go all the way through the IPR, what if I stay in district court and I win in district court, I can recover my fees? I think it actually dissuades people from going to the PTAB. Really, because no one has yet ever gotten fees in IPRs, and yet IPRs are booming and district court litigation is way down. So you really think that's what the result is going to be, given that currently it's not the case? I mean, our position is that we've previously, or this court has previously granted fees under the BPAI. District courts do it all the time, for re-exam, for re-issue. And the legislative history says that the IPR program, or the PTAB program, is intended to be a cost-effective alternative. And that's, I mean, that's exactly what we had here. So one thing that, so PPG is the only case of ours that has ever said anything vaguely like what you're arguing for. And one of the things that struck me in that PPG case was that it said the parties were required to participate in the re-issue proceeding, and that requirement is why they awarded fees. Technically, you and I know there's no requirement to participate in a re-issue proceeding. I can't even understand why the opinion said that, because participation is not required. Yet, the court did hold that. So why wouldn't I say, to the extent that PPG ruled that, consistent with all of the other cases you've told me about when you can reach into administrative proceedings to obtain fees in a district court litigation for what occurred in administrative proceedings, it's limited to circumstances where there's a determination that your participation in the administrative proceeding was, in fact, required, as PPG expressly held. Why wouldn't that be the rule? I think that the reason it shouldn't be the rule is because, as I said, the legislative history says it's supposed to be a cost-effective alternative, and the cases that we've cited talk about where the administrative, or the proceedings for the administration, or the administrative body supplant things or they substitute for things that would have taken place in the litigation. So in the monolithic powers case, we have an ITC action and a district court action, and the discovery, or because discovery was duly usable between the ITC and the district court, the things that overlapped between the ITC and the district court, they got fees for that. And in this case, I mean, our IPR... Things that overlap, but that's because you were already doing them in the district court. Here, you weren't doing those things in the district court. The case was stayed. So the reason they got them in monolithic is because they were doing it simultaneously in both cases. So it was being done in the district court. You're asking here for things that were done exclusively, not at all pursuant to any district court requirements, timing, scheduling, or anything else, but done exclusively in an administrative tribunal. But those things... And the only case I can find that supports it is PPG, and I'll tell you flat out, I think it's wrongly decided. But lucky for me, it says it found that it was required. But despite the fact that... I agree with you that it was not required, and therefore that portion of the decision, I think, is wrong. Yeah, except that's what the panel said, so I don't get to second-guess the panel on their rationale. I agree. In this case, I mean, in this case, the case was stayed. We were subject to estoppel. So all of the things that we did at the PTAB were things that would have had to take place at the district court, but for our filing the IPR. We spent money, and my position, we actually saved a lot of money by filing the IPR, and that was the position that... We told the court when the court offered us a stay is that we told them what our non-infringement position was. They refused it, and the cost-effective, the most cost-efficient way to handle it was to file the IPR. My biggest concern is the American rule, and the fact that it says that in ordinary circumstances, attorney fees are not going to be... Each party will bear its own attorney fees, and there's nothing in the AIA that talks about shifting fees in IPRs. That's my biggest concern. Do you have any response to that, other than, I guess, PPG? I mean, I would say, I mean, I think PPG and monolithic are both two cases that handle that. I think that we've cited to a number of district court cases, but I would also point the court to the... I believe it's the WEDV Board of Education, where it basically sets out the standard that has been pulled through all these cases, where it says that it's something that's both useful and of a type ordinarily necessary in advancing the litigation. Our position is that filing the IPR supplants and substitutes for the things that would take place at the litigation, and therefore, they should be recommended. I don't think if Congress thought that fees should be shifted, it could have easily included a provision for fee shifting in the AIA. 285 is part of the Patent Act. It's not part of the proceedings relating to IPRs. It's about district court actions. It's not about IPR proceedings. They're separate statutory provisions for IPR proceedings. I mean, I agree with that, but it is all part of the same act, and we're relying on the court's previous precedent. It sounds like I'm not convincing at least two of you. Counsel, you're well into your rebuttal time, and one minute of that is gonna go to your co-counsel, so let's hear from your co-counsel. I will yield my time in light of the thanks question. That's wise. We will save the rest of your time. Mr. Freitas, is it? Pardon me, Your Honor? Freitas? Freitas, Your Honor. Freitas. Thank you, Your Honor. May it please the court. Judge Moore, you asked a question about whether BE is controlling and why it might not be. There's a factual context here that's different. It wasn't present in BE. In this case, there were judgments entered, and the judgments were vacated. There's 70 years of Supreme Court precedent that says what happens when the judgments are vacated. That was a judgment of non-infringement. Correct, Your Honor. Didn't relate to validity. Pardon me, Your Honor? Didn't relate to validity. It did not. It did not, but it was the judgment, and I'll address the other part of it in a bit. The judgments in the district court were vacated pursuant to the Munsingware rule, and what the Supreme Court has said... Yeah, but what, I mean, how do you reconcile your argument right now with BE Tech? In BE Tech, we found that they were a prevailing party because they had prevailed in the IPR, and that mooted the district court litigation, and that's exactly what happened here. I don't read the case that way, Your Honor. I think in BE, it was not based on the fact that they had won in the IPR because they hadn't won in the IPR. Facebook, the party that was held a prevailing party, won a final decision from the PTAP, but when Microsoft won in this court, Facebook's petition was ordered dismissed. Facebook did not stand before this court as a prevailing party on the PTAP side, and I'll address why it wouldn't matter anyway. But I don't see how that helps you. Well, it distinguishes the case, but back to my point... Well, it doesn't distinguish the case from this case in a way that helps you. That's like saying it was printed on yellow paper, not white paper. No, I'll get to that, Your Honor. The fundamental point that I'm making about how the cases differ, is there 70 years of Supreme Court precedent that explains what happens when a judgment is vacated? No, but in BE, I don't... Honestly, the 70 years of Supreme Court precedent might be great, but you, according to your 70 years of Supreme Court precedent, you would tell me BE Tech is wrongly decided, right? Oh, absolutely, Your Honor, no doubt. So I have to follow BE Tech. I don't have a choice. It is binding precedent on this panel. And so since I have to follow BE Tech, your only argument, it seems to me, is to the in-bank court that BE Tech is wrongly decided. Because you've made no argument to me that BE Tech is distinguishable from this case. Your only argument to me is BE Tech is wrongly decided, so you shouldn't follow it, because there's 70 years of Supreme Court precedent. I'm trying to make a different one, Your Honor. And the argument I'm trying to make is the factual context in this case is different from BE, where we have vacated judgments. I've made the point, and that's how we're saying it's different. But of course, yes, we are saying that BE was wrongly decided. Now, to the other point, Your Honor, the idea that winning in the PTAB is sufficient to make a party a prevailing party in district court, that's inconsistent with the case law that says that prevailing means prevailing in the district court. This is a question of statutory interpretation of the meaning of the term. And this court in Brickwood and Ranieri and the Supreme Court in Buchanan and other cases has said that that term prevailing party must be construed consistently across the body of the law. So the question is whether there's room in the meaning of that term to apply to other proceedings. The cases we've cited say there's not. Again, just to be clear, this is an argument that BE Tech is wrongly decided, correct? It's not, Your Honor, because we don't read BE as turning on the fact that they won in the PTAB, and the facts of the case wouldn't support that anyway. What you're saying is that they won in the PTAB, which in turn caused them to be the prevailing party in the district court case. You have to look at what happened in the district court case to see whether they prevailed as a result of their efforts in the IPR. Is that what you're saying? I read BE differently, Your Honor. I think, well, first of all, as I said, Facebook did not end up a prevailing party in the PTAB proceeding. The petition was ordered. That's not the question. The question isn't whether Facebook was a prevailing party in the IPR proceeding. The question is whether Facebook was a prevailing party in the district court case. Yes, of course, Your Honor. You and I are on the same page, okay? Yes, and I think what the court said in BE was simply because the case was dismissed, that was enough to render Facebook a prevailing party. Right, and your position is that in this case, where the judgment and non-infringement had been vacated, they're not the prevailing party, even though ultimately they got the relief that they wanted by having the patent be invalid. Well, yes, Your Honor, and there's a long answer to that, and the answer begins with going back to Buchanan and the requirement of Buchanan of a material alteration of the legal relationship of the parties. That didn't occur in district court, and winning somewhere else outside of the district court proceeding is not sufficient to render one a prevailing party. So these are the points that we've made, and the idea that we're simply attacking BE is not quite right. Certainly we are, but we think there are some differences. I still fail to understand your differences because am I mistaken about the facts? In BE Tech, the result that Facebook achieved was a dismissal for mootness in light of the IPR proceedings. Isn't that exactly what occurred here, too, a dismissal? There actually hasn't been a dismissal. The case has been terminated as a result of mootness, but there's no formal dismissal order, and in the BE case... Are you saying, then, this case is not... We don't have jurisdiction over this case if there hasn't been a final decision? We're not saying that, Your Honor. We explained in our brief why we think the order denying the exceptional case motions are sufficient to give this court jurisdiction, but there was not a similar order. But the other point, Your Honor, about what happened... Well, it's some nuance about the Facebook case. I'd like to turn to the other issue that we've raised. Let me ask you for a second about CRST. CRST, which was after Buchanan, that held that a defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a non-merits reason, and that's defining what a prevailing party is for a non-merits reason. Why doesn't that apply here? Because a final judgment for a non-merits reason doesn't include a mootness dismissal. A mootness dismissal is not a judgment. It's not a resolution of the case. It's not a recognition, excuse me, a rejection of anyone's claims. When a court stands down because of mootness, it is not resolving the dispute. Buchanan required a judgment. CRST says it doesn't have to be on the merits. The point is simply, Your Honor, it's the difference between winning on the statute of limitations or winning because the contract wasn't breached. That's all CRST did. And the idea that by saying we don't need a judgment on the merits, that doesn't mean we don't need a judgment. It means that the judgment need not be on the merits. And it's very clear in the key passage on page 1651 in CRST, the requirement for a judgment rejecting the plaintiff's claim. Didn't the district court dismiss the case in PE Tech as moot? Yes. And there they relied on CRST. This court relied on CRST. That's true, Your Honor. So, but let me turn to the other issue about the scope or the reach of Section 285. We've argued that the cases show, and there's no reason to doubt them, that Section 285 doesn't apply to lawyers. We've pointed to a rule that says when lawyers aren't carved in in statutes of this nature, they're out. And there's no answer to those cases. The only argument that's been made is that because Octane points to exceptionality as the only substantive scope provision, that that somehow means that lawyers are in. Well, that's not enough under the established law. That's not enough to create an exception to the American rule, which as the Supreme Court noted in Buchanan and has been noted in various other places, requires explicit statutory authority. There's no argument by the other side that there is any such authority. So their position rests entirely on the idea that there's nothing that says lawyers are out. That's not required. That's not how the American rule operates. And it's not how these issues get resolved regarding lawyers. I'm confused. This whole lawyers thing. I mean, Section 285 says may award reasonable attorney's fees. I mean, I think an attorney is a lawyer. So what are you talking about? I'm not following you. Awarding attorney's fees against a lawyer. Oh, got it. This is the jointly and severally liable part. Okay. So that's the point, Your Honor. And that's the other issue that's been raised. And they've not cited any cases that say Section 285 applies against lawyers. And what is it that you have? I'm sorry, that indicates that it can't apply against lawyers because lawyers are at times held jointly and severally liable for, for example, Rule 11 violations. So Rule 11 is very different. Rule 11, consistent with the requirements of the American rule, spells out that lawyers are responsible. Okay. Well, exceptional cases have it. We have awarded and affirmed awards of 285 attorney's fees in exceptional cases when, for example, there's been extreme litigation misconduct, right? And sometimes that litigation misconduct is really orchestrated by counsel. I mean, we've seen it firsthand. Are you saying it wouldn't be appropriate in a situation like that for the judge to hold the counsel jointly and severally liable for the part, with the parties for attorney's fees under 285? That's right, Your Honor. It's likely that in the scenario you've described, the lawyers would be liable under some other rule or statute. But under Section 285, the liability rests only on the litigant. Where, where does it say that? It doesn't say that, but it doesn't say otherwise. And as we pointed out in our brief, the rule is that when lawyers are not carved in, they're not in. So explicit language requires... Rule 11 doesn't carve lawyers in. I'm sorry? Rule 11 doesn't carve lawyers in. It does, Your Honor. It expressly indicates you can recoup the Rule 11 sanctions against counsel? Yes, Your Honor. I didn't remember that. So in Rule 11B, it explains how you work through from the violation and then you work toward who else is responsible. But it's quite specific. There were no fees assessed against attorneys here, correct? Pardon me, Your Honor? There were no fees assessed against attorneys here. They haven't been, but a motion was filed against the lawyers. But how is the issue right? Pardon me, Your Honor? How is the issue right before us now? The district court didn't address this and didn't award fees against any attorneys. So how is it that we should address this issue? It does not seem to me to be right. Well, it is right in the sense that it's a legal question. That's what the appellants say. They say it's a pure question of law and it should be decided. We've advocated that the judgment in favor of the lawyer and law firm appellees should be affirmed on the alternative ground disclosed by the record that lawyers and law firms are simply not liable under Section 285. It was presumed there was no judgment here of non-liability on the part of lawyers, correct? There was in the sense that the court denied the motion, but not on the basis that 285 doesn't apply. So there was not, there has not, Judge Stoll, been a ruling from the district court. But the appellants are arguing the issue should be decided, that it's a question of law. And we've advocated for affirmance on that alternative ground. So that's how the issue is before this court. Anything further? No, Your Honor. Thank you, Counsel. Mr. Lynn has a little rebuttal time. I have a little rebuttal time. I did want to clarify one thing with respect to our request for fees below. We're not just asking for IPR fees or for the fees we spent at the PTAB. We also have, we'll be requesting fees related to the district court litigation as well as the appeals and whatnot. So those are still there. We're not just seeking fees for the IPR. That shouldn't guide this court's decision. One other point of clarification is my friend there was speaking about the mootness decision. The mootness occurred because of our victory at the PTAB and then subsequently this court's own decision affirming the cancellation of the claims. So the mootness, any mootness that occurred is because we also won again. We can't be said to not be prevailing parties because we won too much. And then quickly, it's within, it's certainly within the court's discretion. It's our position to decide the issue of joint liability for attorneys under 285. We've briefed the issue. We've discussed Octane. One thing I would like to raise is just we pointed to a similar rule under the Federal Rules of Appellate Procedure 38, which is a similar broadly worded fee-shifting statute. For bad cases, the circuit courts can assess fees. And this court, excuse me, and many other circuit courts have used that rule which says nothing about who has to pay the fees to assess sanctions against attorneys. So this court in Phonometrics 1 did that. We cited too the Coghlan case, excuse me, which lists a number of circuit court cases that have done that. And, you know, as we look at it, we have two rules, both that broadly deal with fee-shifting, neither of which say who has to pay. And on the one hand, circuit courts have no problem using that to guard the door to prevent bad appeals from coming in. And we're just saying that in a similar statute under 285, district courts should have the same power. Unless there are other questions, I'll sit down. Thank you, Counsel. The case is submitted. Thank you.